The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAJOR MARGARET WITT,

        Plaintiff,

  vs.

UNITED STATES DEPARTMENT OF
THE AIR FORCE; et al.,

        Defendants.

NO. C06-5195 RBL

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

PLTF'S REPLY IN SUPP MTN FOR
PRELIMINARY INJUNCTION
NO. C06-5195 RBL

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

1   Defendants seek to discharge Major Witt from military service under a policy that
2   says, in a nutshell, that gay men and lesbians may serve in the armed forces so long as they
3   pretend to be either heterosexual or asexual, refrain from any sexual activity, and make no
4   truthful statements about their sexual orientation.  Any homosexual conduct by these service
5   members is mandatory grounds for discharge with no exceptions.  At the same time,
6   homosexual conduct is not grounds for mandatory discharge if performed by persons with a
7   predominantly heterosexual orientation.  *See Plaintiff's Opening Brief* at 42-44; 10 U.S.C.
8   § 654.  Defendants' opposition ignores these realities as it ignores the facts of the case.
9   Major Witt is entitled to a preliminary injunction on her due process theories.  (Other
10  arguments related to Defendants' motion to dismiss will be presented separately.)

11  **I.     Plaintiff Has A Likelihood of Success On Her Substantive Due Process Claim**

12          **a.     Defendants Misconstrue Lawrence.**

13  Defendants argue that the majority opinion in Lawrence v. Texas, 539 U.S. 558
14  (2003), did not identify a right meriting heightened scrutiny.  *Defendants' Brief* at 10.  The
15  Court of Appeals for the Armed Forces disagrees.  United States v. Marcum, 60 M.J. 198
16  (C.A.A.F. 2004), held that service members retain the right to form intimate sexual
17  relationships under Lawrence, and that any military incursion on that right must be justified
18  by a strong governmental interest in military readiness, combat effectiveness, or national
19  security *and* that the rule be "narrowly tailored to accomplish these interests."  Id. at 204-05.
20  Marcum read Lawrence correctly.

21          At virtually every turn, the majority opinion in Lawrence explains that the right to
    form intimate sexual relationships – even with persons of the same sex – is of the highest

PLTF'S REPLY IN SUPP MTN FOR
PRELIMINARY INJUNCTION - 1
NO.  C06-5195 RBL

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

order.  The opening paragraph of the opinion explains that the intimate sexual conduct is premised on "an autonomy of self that includes freedom of thought, belief, [and] expression." 539 U.S. at 562.  These freedoms are unquestionably fundamental.  The terms used by the majority to describe the right to intimate sexual conduct are stirring:  it is a "liberty" of "transcendent dimensions," id., and an "integral part of human freedom," id. at 577, affording "substantial protection to adult persons in deciding how to conduct their private lives in matters pertaining to sex," id. at 572.  Quoting Planned Parenthood v. Casey, 505 U.S. 833, 851 (1992), Lawrence described the right as "central to the liberty protected by the [due process clauses]," and "at the heart of liberty."  539 U.S. at 574.

Throughout, Lawrence relied on reproductive freedom cases like Griswold v. Connecticut, 381 U.S. 479 (1965); Roe v. Wade, 410 U.S. 113  (1973); and Carey v. Population Services International, 431 U.S. 678 (1977), all of which recognize that the right to autonomy in forming intimate sexual relationships is afforded heightened scrutiny for purposes of substantive due process.  Griswold – which Lawrence considered "the most pertinent beginning point" for its analysis, id. at 564 – involved a "zone of privacy created by several fundamental constitutional guarantees," 381 U.S. at 485.   Justice Goldberg's concurrence in Griswold used the term "fundamental" over thirty times.  Roe v. Wade spoke of "fundamental rights," 410 U.S. at 153, 155, as did Carey, 431 U.S. at 686-88.

To avoid this explicit language and reasoning, Defendants would rely on a word game:  Lawrence did not use word "fundamental" in precisely the way Defendants would have liked, so it is irrelevant that the opinion used equally potent words like "integral", "central", "transcendent," and "at the heart of liberty."  Even if this semantic game was the

PLTF'S REPLY IN SUPP MTN FOR PRELIMINARY INJUNCTION - 2
 NO.  C06-5195 RBL

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

right inquiry (which it is not), Defendants ignore Lawrence's statement that the substantive due process right to autonomy in forming intimate sexual relationships is a "fundamental human right." 539 U.S. at 565, citing Eisenstadt v. Baird, 405 U.S. 438, 453 (1972).

      **b.**    **Lawrence Applies to the Military**

Defendants do not contest the holding of United States v. Marcum, 60 M.J. 198 (C.A.A.F. 2004), which called for application of Lawrence to military service members on an as-applied basis. In reaching this conclusion, Marcum was consistent with the line of Ninth Circuit cases protecting the right of gay service members not to be discharged merely because of their status as homosexuals. In a series of decisions nowhere discussed by Defendants, the Ninth Circuit has repeatedly found as-applied constitutional violations where military discharge rules were applied to force out gay service members based solely on their sexual orientation. Pruitt v. Cheney, 963 F.2d 1160, 1164 (9th Cir. 1991); Meinhold v. United States Department of Defense, 34 F.3d 1469 (9th Cir. 1994); Cammermeyer v. Perry, 97 F.3d 1235, 1237 (9th Cir. 1996). See *Plaintiff's Brief* at 37-38. This sensitivity to unconstitutional applications of military policy can only be stronger after Lawrence and Marcum.

      **c.**    **Major Witt's Discharge Cannot Survive The Requisite "Searching Constitutional Scrutiny"**

Defendants offer no reason to conclude that discharging Major Witt can survive the "searching constitutional inquiry," Marcum, 60 M.J. at 205, that is required under Lawrence. There is no attempt to justify the discharge on the theory that homosexual conduct could be criminalized. This was the principal argument from Schowengerdt v. United States, 944 F.2d 483 (9th Cir. 1991) (relying on Bowers v. Hardwick), a subsidiary argument in Beller v.

PLTF'S REPLY IN SUPP MTN FOR PRELIMINARY INJUNCTION - 3
NO. C06-5195 RBL

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

1  Middendorf, 632 F.2d 788 (9th Cir. 1980), and one of Congress's stated reasons for adopting
2  the statutory ban on gays in the military, 10 U.S.C. § 654(10).  This argument cannot survive
3  Lawrence, and defendants do not claim that it does.

4  Defendants do not expressly argue that the military may discharge gay service
5  members because their (presumed) unpopularity among straight service members interferes
6  with unit cohesion.  As explained in Plaintiff's opening brief and not challenged by
7  Defendants, this argument was the essence of Beller v. Middendorf, 632 F.2d 788 (9th Cir.
8  1980), but it was rejected by Pruitt and Meinhold and made even less tenable by Lawrence.
9  Nonetheless, Defendants cling to this argument in a truncated form when they assert that
10 homosexual soldiers inhibit "bonds of trust" within the unit.  *Defendants' Brief* at 12.
11 Acquiescence to prejudice is inescapably the government's leading argument, but this is a
12 constitutionally forbidden consideration.

13 Defendants next argue that discharging Major Witt relieves "sexual tension" within her
14 unit.  But it is undisputed that there is no such tension here.  Major Witt's sexual relationship
15 was with a civilian woman and occurred entirely off of Air Force premises in Major Witt's home
16 across the state from McChord Air Force Base.  The unrebutted evidence is that colleagues who
17 have roomed with her felt no sexual tension whatsoever.  *Decl. Julia Scott*, ¶ 9 (shared sleeping
18 quarters with Major Witt); *Decl. Sue Schindler*, ¶ 9 (has shared shower and toilet facilities with
19 Major Witt allowing for minimal privacy).  Other colleagues state that they would have no
20 problems rooming with her in the future, even with knowledge of her sexual orientation.  *Decl.*
21 *Jill Brinks,* ¶ 9; *Decl. Ann Thomas,* ¶ 10; *Decl. Faith Mueller,* ¶ 10.

PLTF'S REPLY IN SUPP MTN FOR PRELIMINARY INJUNCTION - 4
NO. C06-5195 RBL

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

1  II.  **Plaintiff Has a Likelihood of Success On Her Procedural Due Process Claim Relating to the Irrebuttable Presumption of Unfitness for Service Based Upon The Exercise of A Constitutional Right of Bodily Autonomy**

Defendants' arguments in opposition to Major Witt's first procedural due process claim are unpersuasive. First, Defendants argue that she has no liberty interest in avoiding discharge. *Defendants' Brief* at 18-19. This claim is rebutted below. Second, Defendants argue that § 654 does not create an irrebuttable presumption, because its scope does not extend to heterosexual service members. *Id.* at 17. Actually, the exception in § 654(b)(1) for heterosexuals does not allow a gay person who engages in homosexual conduct to rebut the presumption that she is unfit for service. *Plaintiff's Brief* at 42-46.

Third, Defendants argue that the irrebuttable presumption doctrine of Cleveland Board of Education v. LaFleur, 414 U.S. 632 (1974) has been limited to its facts. *Defendants' Brief* at 15-16. After diligent Westlaw searches, counsel found no published opinion that says this. The case cited by Defendants, Gilbert v. Homar, 520 U.S. 924 (1997), never mentions LaFleur and nowhere discusses the validity of statutory presumptions, be they rebuttable or irrebuttable.[1] Even if LaFleur is limited to its facts, Major Witt has the same facts. Like the pregnant teacher in LaFleur, Major Witt is being discharged from her job because of an irrebuttable presumption that she is unfit for further employment as a result of intimate sexual conduct protected by substantive due process. Defendants must make an individualized determination, not rely on an immovable presumption.

---

[1] Gilbert did, however, note the constitutional necessity of a reasonably prompt post-deprivation hearing, and remanded for the lower courts to consider whether a 23-day delay between suspension without pay and a hearing violated due process. 520 U.S. at 935-36. This doctrine is discussed more fully below.

PLTF'S REPLY IN SUPP MTN FOR PRELIMINARY INJUNCTION - 5
NO. C06-5195 RBL

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

1   Fourth, Burlington Northern Railroad Co. v. Department of Public Services, 763 F.2d
2   1106, 1113 (9th Cir. 1985), stated that "a statutorily defined irrebuttable presumption … is not
3   unconstitutional in statutes which regulate economic matters." (emphasis added).  In cases
4   involving individual rights protected by substantive due process, LaFleur remains good law.
5   Lawrence Tribe, *Constitutional Law* § 16-34 at 1622-24 (2nd Ed. 1988).  Lawrence erases any
6   doubt that this is such a case.

7   **III.   Plaintiff Has A Likelihood of Success On Her Procedural Due Process Claim For Denial of a Reasonably Prompt Post-Suspension Hearing**
8
        **A.   The Air Force Has Offered No Justification for its Unreasonable
9            Delay in Providing a Hearing, in violation of Barchi.**

10   Defendants do not deny that due process requires a reasonably prompt post-deprivation
11   hearing if a pre-deprivation hearing is not held.  Barry v. Barchi, 443 U.S. 55, 56 (1979).
12   Major Witt was informed that she would be deprived of a liberty interest, she was suspended,
13   and then she was left to wonder, indefinitely, when or if a hearing would become available to
14   contest the threatened loss.  Defendants imply that Major Witt is seeking two separate hearings:
15   one for the suspension and another for the discharge.  The two events cannot be distinguished.
16   In November 2004, Defendants announced their plan to discharge Major Witt from all military
17   service, and made her removal from service effective immediately.  The deprivation began then,
18   entitling her to a prompt hearing to determine whether the deprivation would be made
19   permanent.  None has occurred, and none is scheduled.
20   Defendants have made no effort to justify the more than 17 month delay that has elapsed
21   so far in this case.  AFI 36-3209, § 4.7 states that separation hearings are to be conducted "as
    expeditiously as possible" and "without undue delay."  As in Barchi, 443 U.S. at 66, "once

PLTF'S REPLY IN SUPP MTN FOR PRELIMINARY INJUNCTION - 6
NO. C06-5195 RBL

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

suspension has been imposed" the plaintiff's "interest in a speedy resolution of the controversy becomes paramount." "In these circumstances, it [is] necessary that [the suspended person] be assured a prompt hearing, one that would proceed without appreciable delay." Id.  Here, as in Barchi, there is no such assurance, and no prompt hearing has been forthcoming.  At this point, the constitutional violation is complete, and no future hearing can "cure" the violation.  Fuentes v. Shevin, 407 U.S. 67, 82 (1972).  Major Witt's due process interest in a speedy resolution has been violated.  Here, as in Fuentes, the remedy is to preclude the government from going forward with the deprivation at all.

     **B.**    **Major Witt Has Cannot Now Appeal to the Air Force Board for Correction of Military Records.**

Major Witt could not have obtained a reasonably prompt post-deprivation from the Air Force Board for Corrections of Military Records ("AFBCMR") immediately upon receiving the November 9, 2004 document confirming that administrative separation proceedings would occur and that Major Witt "may not participate in any pay or point activity pending resolution of separation action."

First, relief from a Board for Correction of Military Records is "generally available only after discharge."  Correa v. Clayton, 563 F.2d 396, 399 (9th Cir. 1977).  The authorities cited by Defendants (AFI 36-2603; 32 C.F.R. § 865.3; and Air Force Pamphlet 36-2607) confirm that Major Witt *cannot* appeal to the AFBCMR at this time because she has not yet gone through a discharge board hearing (the scheduling of which is wholly controlled by Defendants).  AFI 36-2603, § 4.6 states that the AFBCMR will determine "[w]hether the applicant has exhausted all available and effective administrative remedies.  If the applicant has not, the application will be

PLTF'S REPLY IN SUPP MTN FOR PRELIMINARY INJUNCTION - 7
NO.  C06-5195 RBL

CARNEY BADLEY SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

1  denied on that basis." See also AFI 36-2603, § 3.3; Air Force Pamphlet 36-2607, § 2.1   Federal

2  regulations say the same thing: "Before applying, applicants should . . . [e]xhaust other available

3  administrative remedies (otherwise the Board may return the request without considering it)."

4  32 C.F.R. § 865.3.   AFBCMR jurisdiction cannot be invoked until after Major Witt has a

5  discharge hearing, and after the discharge authority makes a final decision based on the

6  recommendations of the officers at that hearing.

7  Second, the AFBCMR does not conduct hearings of the sort required by Barchi.  As the

8  regulations makes clear, the AFBCMR normally functions as an appellate body that considers

9  briefs (see AFI 36-2603, § 3.8) and reviews a decision made by some other Air Force decision

10  maker by examining the record made below.  AFI 36-2603, § 2.3.   Accord 32 C.F.R. § 865.2(c).

11  In the present case, there has been no administrative discharge board hearing, and thus there is

12  no evidentiary record that anyone can review.

13  Defendants may contend that the AFBCMR has the discretion to order a hearing if it

14  wishes to do so.  However, the regulation and the parallel CFR make clear that Major Witt has

15  no *right* to a hearing before the AFBCMR:   "The Board in its sole discretion determines

16  whether to grant a hearing.  Applicants do not have a right to a hearing before the Board."

17  AFI 36-2603, § 4.4.  Accord 32 C.F.R. 865.4.   Under the Due Process Clause she is entitled to a

18  meaningful hearing.  Yet she has no entitlement to such a hearing before the AFBCMR.

19  Finally, even if Major Witt could have appealed  to the AFBCMR at some point during

20  the last 17 months, and even if she had requested and the AFBCMR had granted her a

21  discretionary hearing, there is absolutely nothing to guarantee that such a hearing would be held

PLTF'S REPLY IN SUPP MTN FOR
PRELIMINARY INJUNCTION - 8
 NO.  C06-5195 RBL

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

1  promptly.  Absent some assurance that a hearing will in fact be held "without appreciable

2  delay," Barchi, 443 U.S. at 56, there is a procedural due process violation.

3      C.    **Major Witt Has A Protectible Liberty Interest In Avoiding Less-Than-Honorable Discharge**.

    Major Witt agrees with Defendants that there is no property interest in a position as a commissioned reserve officer.  However, Major Witt *does* have a liberty interest in avoiding less than Honorable discharge.  Under the line of "stigma-plus" cases stemming from Board of Regents v. Roth, 408 U.S. 564 (1972), it well established that a party who suffers from public disclosure of a stigmatizing statement by government and who suffers the concomitant denial of some more tangible interest such as employment, has a liberty interest which the due process clause protects.  Cox v. Roskelley, 359 F.3d 1105 (9th Cir. 2004); Ulrich v. City and County of San Francisco, 308 F.3d 968, 982 (9th Cir. 2002).

    In the present case, the Air Force has given Major Witt notice of its intent to give her a General Discharge under Honorable Conditions, which is one level below an Honorable Discharge.  *Decl. Witt*, ¶ 26.  Moreover, discharge of a reserve officer for homosexual conduct falls within the class of discharges for "substandard performance of duty."  AFI 36-3209, § 2.26.1.  Defendants stigmatize Major Witt when they proclaim that her service to her country has been substandard, and that her presence in the Air Force poses an unacceptable risk to military preparedness.  Defendants, inadvertently revealing their hostility to gays and lesbians, assume that the stigma involved in her discharge is the fact of her sexual orientation.  *Defendants' Brief* at 3, 19.  To the contrary, her sexual orientation is not shameful.  Instead, the government's message of unfitness for job performance creates the stigma.

PLTF'S REPLY IN SUPP MTN FOR PRELIMINARY INJUNCTION - 9
NO. C06-5195 RBL

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

1 Three types of discharges may result from administrative proceedings: Honorable, General, or Undesirable. A general discharge is appropriate "when a member's military record is not sufficiently meritorious to warrant an Honorable characterization." 32 C.F.R. § 41.9(a)(2). "Because the vast majority of servicemen receive honorable discharges, a general discharge severely stigmatizes its recipient and significantly disadvantages him in the job market." Correa, 563 F.2d at 397, n.1.

The Court of Claims has distinguished between military discharges to which the government attaches some stigma, and those to which no stigma attaches:

> [C]ourts have held that an enlisted member has a liberty interest in his employment.
>
> This liberty interest prevents the military from discharging a service member without due process – but only in cases where a "stigma" would attach to the discharge. [Citations]. In this case, plaintiff was forced to retire based on the number of years he served. ***Because there is no stigma attached to this type of mandatory retirement, plaintiff's due process rights were not implicated.***

Canonica v. United States, 41 Fed.Cl. 516, 524 (1998) (bold italics added). "These principles also apply to officers." Golding v. United States, 48 Fed.Cl. 697, 726 (2001).

Because anything less than an Honorable discharge is severely stigmatizing, a proceeding at which a service member may receive a less than Honorable discharge must satisfy the requirements of procedural due process:

> ***This court . . . has reviewed with scrupulous care cases of less than honorable discharges effected by administrative fiat*** without court martial convictions; we have done so ***because of the stigma thereby inflicted***. The military are not permitted to return persons to civil life with an unfair and derogatory characterization of their military service, attached without strict conformity to law, and ***full due process protection***.

PLTF'S REPLY IN SUPP MTN FOR PRELIMINARY INJUNCTION - 10
NO.  C06-5195 RBL

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

Midgett v. United States, 221 Ct. Cl. 171, 603 F.2d 835, 848 (1979) (bold italics added).  Accord Weaver v. United States, 46 Ct. Cl. 69,  (2000) ("The court recognizes Mr. Weaver was stigmatized by the Other Than Honorable administrative discharge for reasons of sexual misconduct and therefore, was entitled to due process," *citing* Correa, 563 F.2d at 397, n.1); Cf. Kidwell v. Department of the Army, 56 F.3d 279, 285 (D.C. Cir. 1995). In fact, if the certificate of military discharge lists a stigmatizing reason for the discharge, it triggers due process protections even if the discharge is characterized as Honorable.  See, e.g., Rogers v. United States, 24 Cl. Ct. 676, 684 (1991).

In this case the Air Force seeks to give Major Witt a General Discharge.  Because such a discharge would be severely stigmatizing, and it is accompanied by a concrete change in her legal status (inability to earn pay and points or to continue towards promotion or pension), Major Witt meets the stigma-plus test and is entitled to "full due process protection."  Midgett, 603 F.2d at 848.

### IV. Major Witt Meets The Criteria for Preliminary Injunctive Relief

Major Witt is suffering irreparable harm, and the balance hardships tips strongly in her favor.  In McVeigh v. Cohen, 983 F.Supp. 215 (D.D.C. 1998), another case involving an attempt to discharge a military officer who had served his country for 17 years on grounds of homosexual conduct, the District Court granted a preliminary injunction with these comments:

> Without this Court's immediate intervention, the plaintiff will lose his job, income, pension, health, and life insurance, and all the other benefitd attendant with being a naval officer.  Having served honorably for the last seventeen years, Plaintiff will be separated from a position which is central to his life on the sole ground that he has been labeled a "homosexual" and thus by definition unfit for service.  The stigma that attaches to such an accusation without substantiation is significant enough that this Court believes it must grant the injunctive relief

PLTF'S REPLY IN SUPP MTN FOR PRELIMINARY INJUNCTION - 11
NO.  C06-5195 RBL

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

> sought.  In cases nearly identical to this courts have accordingly granted a preliminary injunction, [citations].
>
> In contrast to the serious injury that Plaintiff immediately faces if discharged, there is no appreciable harm to the Navy if Senior Chief McVeigh is permitted to remain in active service.  Indeed, the Navy will only be enhanced by being able to retain the Plaintiff's seventeen years of service experience.

McVeigh, 983 F. Supp. at 221.

The facts of this case are as strong or stronger than those in McVeigh.  Major Witt has been repeatedly decorated for her exceptional service, and the Air Force itself made her the official "poster child" for recruitment of nurses. *Decl. Witt,* ¶¶ 5-10. There is a grave shortage of flight nurses at the present time. *Id*. at ¶ 29.  The record demonstrates that discharging Major Witt will hurt morale and cohesiveness. *Plaintiff's Brief* at 10-12.  And finally, the Court has undisputed evidence that if she were to be discharged, and then later reinstated by a final judgment of this Court, the resulting gap in her service record would make it impossible for her to ever obtain any future promotion. *Id*. at ¶ 24.

In a similar case the Ninth Circuit affirmed the granting of preliminary injunctive relief to a gay sergeant who was resisting discharge.  Watkins v. United States Army, 837 F.2d 1428, 1431 (9th Cir. 1987), *aff'd on other grounds* 875 F.2d 699 (9th Cir. 1989) (en banc).  Here, as in Watkins and McVeigh, preliminary injunctive relief should be granted.

### III. CONCLUSION

For the reasons stated above, Major Witt asks this Court to grant her motion and to preliminarily enjoin the defendants from continuing her suspension and from discharging her.

PLTF'S REPLY IN SUPP MTN FOR PRELIMINARY INJUNCTION - 12
NO.  C06-5195 RBL

CARNEY BADLEY SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

1    DATED this 12th day of May, 2006.

2                                         CARNEY BADLEY SPELLMAN, P.S.

3                                         By s/James E. Lobsenz
                                              James E. Lobsenz, WSBA #8787
4                                             Nicki D. McCraw, WSBA #20533
                                          On Behalf of the American Civil Liberties
5                                         Union of Washington

6                                         CARNEY BADLEY SPELLMAN, P.S.
                                          701 Fifth Avenue, Suite 3600
7                                         Seattle, WA  98104
                                          Telephone: (206) 622-8020
8                                         Facsimile:  (206) 622-8983
                                          E-Mail:  lobsenz@carneylaw.com
9                                         E-Mail:  mccraw@carneylaw.com

10                                        AMERICAN CIVIL LIBERTIES UNION OF
                                          WASHINGTON
11

12                                        By s/ Aaron H. Caplan
                                              Aaron H. Caplan, WSBA #22525
13                                        American Civil Liberties Union of Washington
                                          705 Second Avenue
14                                        Seattle WA  98104
                                          Telephone:  (206)624-2184
15                                        E-Mail:  caplan@aclu-wa.org
                                          Attorneys for Plaintiff

16

17

18

19

20

21

PLTF'S REPLY IN SUPP MTN FOR PRELIMINARY INJUNCTION - 13
NO.  C06-5195 RBL

CARNEY BADLEY SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06

CERTIFICATE OF SERVICE

I hereby certify that on <u>May 12, 2006</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Peter J. Phipps | peter.phipps@usdoj.gov |
| Marion J. Mittet | Jamie.mittet@usdoj.gov |
| | |
| James E. Lobsenz | Lobsenz@carneylaw.com |
| Nicki D. McCraw | McCraw@carneylaw.com |
| Aaron Caplan | caplan@aclu-wa.org |

          //s//
         Aaron H. Caplan

PLTF'S REPLY IN SUPP MTN FOR PRELIMINARY INJUNCTION - 14
NO. C06-5195 RBL

**CARNEY BADLEY SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

WIT004 plds he124203 5/12/06