THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAJOR MARGARET WITT,<br><br>　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF THE AIR FORCE; et al.,<br><br>　　Defendants. | Case No. C06-5195-RBL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION NOS. 33 TO 36** |

　　Pending before the Court is Plaintiff's Motion to Compel Production of Documents Responsive to Requests for Production Nos. 33 to 36.  The Court has considered the following: (1) Plaintiff's motion and any exhibits and declarations thereto; (2) Defendants' responsive briefing, if any, and any exhibits and declarations thereto; and (3) Plaintiff's reply briefing and any exhibits and declarations thereto.  Having considered the briefing, the Court hereby **GRANTS** Plaintiff's motion to compel, subject to the conditions of a Protective Order, and hereby **ORDERS** as follows:

(1)　　Defendants must produce documents responsive to Plaintiff's amended Requests for Production Nos. 33-36, no later than 10 days from the date of this order, specifically:

[PROPOSED] ORDER GRANTING MOT. TO COMPEL
PROD OF DOCS RESP TO REQ FOR PRODUCTION NOS.
33 TO 36
(Case No. 06-5195)– 1

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington  98104-1799
(206) 624-2184

a. All documents pertaining to disciplinary action or admonishment (located in any paper or electronic files and located in personnel files) concerning the relationship between Servicemember-A and Servicemember-B.

b. All documents relating to Servicemember-C's relationship with Servicemember-D (located in any paper or electronic files and located in personnel files).

c. All documents relating to Servicemember-E's relationship with Servicemember-F (located in any paper or electronic files and located in personnel files).

(2) The production of responsive documents shall be subject to conditions specified in (3) Protective Order.

(3) Protective Order

a. Except as may be otherwise agreed to by the parties, or ordered by the Court, records produced pursuant to Order (1) may be disclosed only to the following persons:

  i. The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action;

  ii. Counsel of record for any party to this action, including all attorneys of that counsel's law firm or organization;

  iii. Employees, paralegal assistants, stenographic, and clerical employees of counsel for the parties only when operating under the direct supervision of counsel;

  iv. Plaintiff Margaret Witt;

  v. Defendants, and all managing agents and employees of the agency Defendant, who become involved in this litigation at the request of counsel of record and whose review of protected documents is specifically controlled by counsel;

  vi. Potential witnesses who become involved in this litigation at the request of counsel of record and whose review of protected documents is specifically controlled by counsel;

[PROPOSED] ORDER GRANTING MOT. TO COMPEL
PROD OF DOCS RESP TO REQ FOR PRODUCTION NOS.
33 TO 36
(Case No. 06-5195)– 2

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington  98104-1799
(206) 624-2184

1    vii.  Experts or consultants employed by counsel of record for the purpose of assisting in these
2         proceedings, preparation for trial, and/or trial of this action.
3  b.  Defendants shall designate records produced pursuant to Order (1) as confidential by
4      placing the following legend on any such record prior to production:
5      "CONFIDENTIAL."  In the event that Defendants inadvertently fail to designate a record
6      as confidential information at the time of its production, Defendants shall have five
7      business days after discovery of such error to so designate the record.
8  c.  All documents designated as CONFIDENTIAL, and all information derived therefrom,
9      shall be used solely for the purpose of preparing and litigating claims in this action and
10     shall not be disclosed, directly or indirectly, or published in any medium by any party, or
11     disseminated except to qualified persons.
12 d.  Any party to this action may proffer into evidence information designated as
13     CONFIDENTIAL at time of trial or by motion or otherwise and such CONFIDENTIAL
14     information may be introduced or shown to witnesses at the time of trial or on motion of
15     any party, subject to normal evidentiary objections.  In the event that any material
16     designated as CONFIDENTIAL is used in any court proceeding in this action, it shall not
17     lose its confidential status through such use, and the party using documents designated as
18     CONFIDENTIAL shall maintain its confidentiality during such use, subject to the
19     Court's guidance.
20 e.   Any party filing with the Court information designated as CONFIDENTIAL pursuant to
21     Order (1) shall file a Stipulation and Order to seal or a motion to seal consistent with
22     Local Civil Rule 5(g).
23 f.  Any party or person who knowingly violates this Order may be held in contempt of this
24     Court.  The Court and parties preserve the right to order or seek an award of other such
25     relief as is appropriate for such disclosure.
26

[PROPOSED] ORDER GRANTING MOT. TO COMPEL
PROD OF DOCS RESP TO REQ FOR PRODUCTION NOS.
33 TO 36
(Case No. 06-5195)– 3

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington  98104-1799
(206) 624-2184

1  g.  Nothing in this Order shall preclude any party, its counsel, or any other person from
2      disclosing or using, in any manner or for any purpose, any records or information not
3      obtained in this action, if such records or information are lawfully obtained from a third
4      party, even though the same records or information may have been produced in discovery
5      as designated as CONFIDENTIAL.
6  h.  No later than ninety (90) days after the judgment in this action becomes final and all
7      rights of appeal are exhausted, Plaintiff agrees to destroy or return all information
8      designated as CONFIDENTIAL, documents, and things and all copies of the same to
9      Defendants producing such information and documents.
10 i.  Insofar as the provisions of this Order restrict the use of information designated as
11     CONFIDENTIAL, this Order shall continue to be binding after the conclusion of this
12     litigation.
13 (4) Plaintiff's Motion for Attorney Fees is **DENIED**.

**IT IS SO ORDERED.**

DATED this 30th day of May, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented By:

By:  /s/ Sher S. Kung
Sarah A. Dunne, WSBA #34869
Sher S. Kung, WSBA #42077
705 Second Avenue, Suite 300
Seattle, WA 98104
Tel: (206) 624-2184
dunne@aclu-wa.org
skung@aclu-wa.org

CARNEY BADLEY SPELLMAN
James Lobsenz, WSBA#8787
701 5th Ave Ste 3600
Seattle, WA 98104-7010
Tel. (206) 622-8020
lobsenz@carneylaw.com

*Attorneys for Plaintiff*

[PROPOSED] ORDER GRANTING MOT. TO COMPEL
PROD OF DOCS RESP TO REQ FOR PRODUCTION NOS.
33 TO 36
(Case No. 06-5195)– 4

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington  98104-1799
(206) 624-2184

1
2   DATED this 13th day of May, 2010.
3   ACLU OF WASHINGTON FOUNDATION
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

[PROPOSED] ORDER GRANTING MOT. TO COMPEL PROD OF DOCS RESP TO REQ FOR PRODUCTION NOS. 33 TO 36
(Case No. 06-5195)– 5

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
705 Second Avenue, Suite 300
Seattle, Washington  98104-1799
(206) 624-2184