HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAJOR MARGARET WITT,

                    Plaintiff,

          v.

UNITED STATES DEPARTMENT OF THE
AIR FORCE; et al.,

                    Defendants.

Case No. 06-5195RBL

ORDER

THIS MATTER comes before the above-entitled Court upon Plaintiff's Motion for Sanctions Due to Spoliation of Evidence [Dkt. #115]. The Court has reviewed the materials filed for and against the motion. Oral argument is not necessary for the Court to resolve the issue presented in this motion. For the following reasons, plaintiff's motion is **DENIED**.

Plaintiff alleges that the following documents were improperly lost or destroyed:

1.      a written order directing then-Colonel Eric Crabtree to initiate an investigation of plaintiff for homosexual conduct;

2.      documents from Crabtree to General Robert Duignan prior to the authorization to conduct

ORDER
Page - 1

the investigation of plaintiff; and

3.      a police blotter possibly attached to a request for a Command Directed Inquiry (CDI)

relating to an incident between two service members other than plaintiff.

Plaintiff complains that these documents, if they ever existed, were destroyed because counsel for defendant failed to place a litigation hold on documents relevant or possibly relevant to the pending litigation.

Defendants first received notice of anticipated litigation in July 2004.  The lawsuit was filed in April 2006.  The Court dismissed Plaintiff's Complaint on July 26, 2006 and plaintiff appealed.  On May 21, 2008, the Court of Appeals reversed the trial court and directed the trial court on remand to administer an as-applied test for substantive due process challenges to "Don't Ask Don't Tell" (DADT) statute. Discovery began sometime after the Court of Appeals remanded the case back to the District Court for trial.

Spoliation occurs when a party (1) intentionally destroys documents with (2) knowledge that the records were potentially relevant to litigation before they were destroyed.  *U.S. v. Kitsap Physicians Service*, 314 F.3d 995, 1001 (9th Cir. 2002).  Here, plaintiff fails to meet her burden of establishing that the documents allegedly destroyed ever existed in the first place.  Counsel for plaintiff has deduced from testimony and other documents that the "missing" documents existed at one time and were destroyed as a result of reckless or intentional misconduct on the part of defendants and their counsel.  The Court is not convinced.  The evidence before the Court is not sufficient to support a conclusion other than that skilled counsel has examined other evidence and concluded that some additional documents should exist. Equally skilled counsel on the other side has analyzed the same testimony and documentary evidence and posted a less sinister explanation for the "missing" documents: that they never existed or that they exist and have been produced with a label that differs from the description provided in other produced documents or sworn testimony.  At trial the Court will listen to the testimony about the "missing"

documents and formulate its own opinion whether misconduct has occurred in this case.  For now, the Court chooses to accept the explanation offered by officers of the Court who deny any wrongdoing in the matter.

The Court will also acknowledge, in the context of this issue, the sea change that occurred when the Ninth Circuit rendered its decision in this case.  Prior to the imposition of an as-applied constitutional analysis to DADT, the question of whether, or what, homosexual men or women served in a particular unit or squadron would not have been germane to the question of DADT's constitutionality.  After the decision, in this Circuit only, such evidence may be relevant or may lead to the discovery of relevant evidence.  Under the circumstances, it is not surprising to this Court that the litigation holds placed on evidence and potential evidence were not so broad as to capture evidence of known or suspected homosexuals serving their country in the same unit as Major Witt served.

The motion for sanctions and attorney fees is **DENIED**.

Dated this 10th day of August, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3