Judge Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAJOR MARGARET WITT ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> THE AIR FORCE, et al. ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. C06-5195 RBL <br><br> **OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE** <br><br> **ORAL ARGUMENT REQUESTED** |

The Court should deny plaintiff's motion *in limine* to exclude evidence and testimony regarding her admitted (*see* Pl.'s Mot. in Limine to Exclude Evidence at 1) commission of adulterous acts in 2003. Having insisted at every turn that she is entitled to an as-applied analysis of the application of 10 U.S.C. § 654 to her specific circumstances, plaintiff cannot now plausibly argue that the Court should ignore evidence of the very conduct that triggered her discharge. Evidence of plaintiff's conduct is directly relevant to what the Court of Appeals identified as the material questions at issue in this matter: "whether the application of [10 U.S.C. § 654] specifically to Major Witt significantly furthers the government's interest and whether less intrusive means would achieve substantially the government's interest." *Witt v. Dep't of the*

(C06-5195) OPP'N TO PL.'S MOT. IN LIMINE
TO EXCLUDE EVIDENCE - 1

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 616-8482

*Air Force*, 527 F.3d 806, 821 (9th Cir. 2008).

## BACKGROUND

According to plaintiff, she was separated from the Air Force Reserve because the Air Force learned of allegations that plaintiff had "engaged in homosexual acts with a civilian woman" and that this "civilian woman stated that she was a lesbian" with whom plaintiff "had engaged in a committed and loving relationship from July 1997 through October 2003." Compl. ¶ 27. This portrayal of the events leading to plaintiff's discharge, which was repeated substantially to the Ninth Circuit in 2007, *see* Br. of Appellant, *Witt v. Dep't of the Air Force*, No. 06-35644 at 6-8 (9th Cir. Oct. 12, 2006), is incomplete at best.

Plaintiff's conduct in violation of 10 U.S.C. § 654 first rose to the attention of the Air Force on June 14, 2004. The conduct that drew attention was not, in fact, plaintiff's "committed and loving relationship [with a civilian woman] from July 1997 through October 2003." Instead, it was plaintiff's relationship, beginning in November 2003, with a *different* civilian woman. This particular civilian woman was married at the time plaintiff began a relationship with her. The woman's husband brought the relationship to the Air Force's attention. *See* E-Mail from Patrick McChesney to Gen. John Jumper, AF000122-23 (Ex. A).

After receiving the husband's complaint, the Air Force appointed an investigator who concluded that it was "more likely than not that" plaintiff had engaged in a romantic relationship with this married woman. *See* Report of Commander Directed Investigation, Oct. 20, 2004, AF000113-119 at AF000117-18 (Ex. B). Following this investigation, plaintiff's unit commander recommended that she be separated from service. Among the reasons for this recommendation: plaintiff "engaged in homosexual acts with . . . a married woman, on divers occasions from on or about November 2003 to on or about January 2004 . . . ." Mem. from Mary Walker, Nov. 6, 2004 (Ex. C). At plaintiff's discharge board hearing, the Air Force presented evidence about this relationship. *See*, *e.g.*, Administrative R. at AF000528 [Docket # 119].

Nevertheless, plaintiff has attempted to avoid making the conduct that triggered her discharge part of the record at any level, trial or appellate, in this proceeding. Indeed, the Ninth Circuit, accepting as true plaintiff's complaint allegations, assumed the following facts about this

(C06-5195) OPP'N TO PL.'S MOT. IN LIMINE
TO EXCLUDE EVIDENCE - 2

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 616-8482

case:

> Major Witt was in a committed and long-term relationship with another woman from July 1997 through August 2003. Major Witt's partner was never a member nor a civilian employee of any branch of the armed forces, and Major Witt states that she never had sexual relations while on duty or while on the grounds of any Air Force base. During their relationship, Major Witt and her partner shared a home in Spokane, Washington, about 250 miles away from McChord Air Force Base.

*Witt*, 527 F.3d at 809-10. In returning Witt's substantive due process claim to the District Court, the Ninth Circuit instructed that "[r]emand . . . is required to develop the record on Major Witt's substantive due process claim." *Id.* at 821. The record has been developed and it shows that the facts are substantially different than those assumed by the Ninth Circuit in ways that are relevant to the proper disposition of plaintiff's claim.

## ARGUMENT

These additional facts—which include the fact that the conduct initially giving rise to the investigation into plaintiff's behavior included adultery and that the investigation was initiated in response to a husband's complaint about that adultery—should be admitted into evidence. Not only are they relevant to the inquiry required by the Ninth Circuit on remand, but they are so intertwined with the documentary record of plaintiff's discharge that their exclusion would be impractical.

**1. Evidence of Plaintiff's Adulterous Conduct is Directly Relevant to the Inquiry Required by the Ninth Circuit.**

Relevant evidence is "that which tends to make the existence of a fact of consequence more or less probable than it would be without the evidence." *Campbell v. Wood*, 18 F.3d 662, 685 (9th Cir. 1994). The facts of consequence in this action, according to the Ninth Circuit's test, are whether (a) whether the application of [10 U.S.C. § 654] *specifically* to Major Witt significantly furthers the government's interest," and (b) "whether less intrusive means would achieve substantially the government' s interest." *Witt*, 527 F.3d at 821. Thus, *any* evidence showing that the application of 10 U.S.C. § 654 to plaintiff significantly furthers the government's interest in morale, cohesion, good order and discipline is, by definition, relevant. *See* Fed. R. Evid. 402. That at least part of the conduct for which plaintiff was discharged

(C06-5195) OPP'N TO PL.'S MOT. IN LIMINE
TO EXCLUDE EVIDENCE - 3

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 616-8482

includes an adulterous affair is a fact that makes it more likely that her *specific* discharge significantly furthered government interests.

"Adultery is clearly unacceptable conduct" in the military, Manual for Courts-Martial, United States (2008 ed.), Part IV, ¶ 62c(1). It "reflects adversely on the service record of the service member," *id.*, and "[d]isciplinary action and courts-martial for criminal adultery are not infrequent," *United States v. Green*, 39 M.J. 606, 609 (A. Ct. Crim. App. 1994). Plaintiff's relationship with a married woman is thus relevant here for two reasons. First, her willingness to engage in conduct that she acknowledged to be inconsistent with the standards of conduct required of Air Force officers, *see* Margaret Witt Dep. at 46:8-13 (Ex. D), and that frequently leads to disciplinary action and courts-martial, *Green*, 39 M.J. at 609, further evidences a willingness to engage in the type of conduct that Congress could have rationally concluded could give rise to distractions within her unit. Second, regardless of the sexual orientation of those involved, adulterous behavior, especially by an officer, is likely to be prejudicial to good order and discipline. As the military court in *Green* explained, the risk that other service members will find out about an officer's adultery can harm good order and discipline in two ways:

> First, [such] conduct would tend to reduce the other soldiers' confidence in his integrity, leadership, and respect for law and authority. Second, the example he provided would tend to cause the other soldiers to be less likely to conform their conduct to the rigors of military discipline.

39 M.J. at 610. Further, an officer who engages in adultery risks compromising her stature as an officer. *See* Dennis Laich Dep. at 62:19-63:9 (Ex. E) (explaining that an extramarital affair "compromises integrity"). The risks of such behavior were enunciated long ago by Congress in Articles 133 and 134 of the Uniform Code of Military Justice, which subjects officers regardless of sexual orientation to punishment for adultery in certain circumstances. By reducing those risks, plaintiff's discharge furthers unit cohesion, morale, and good order and discipline.

Plaintiff's attempt to blunt this argument fails. Plaintiff claims that she was discharged for homosexual conduct and homosexual conduct alone and that the fact that she could hypothetically also have been discharged for adultery is beside the point. *See* Pl.'s Mot. in Limine to Exclude Evidence at 2-3. But that is both untrue and not the question the Ninth

(C06-5195) OPP'N TO PL.'S MOT. IN LIMINE
TO EXCLUDE EVIDENCE - 4

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 616-8482

Circuit asked the parties to answer. The conduct for which the plaintiff was discharged included her adulterous affair; indeed, it was this conduct that triggered the Air Force's inquiry into plaintiff's activities. The Ninth Circuit, in asking for an as-applied analysis of the situation, indicated that the nature of plaintiff's conduct was relevant to the disposition of the matter. The Ninth Circuit thus adopted a rule of specific application, requiring review of the specific circumstances of the intimate relationship being regulated. *See Witt*, 527 F.3d at 814. Under this test, the Ninth Circuit certainly could conclude ultimately that a homosexual relationship of a certain nature could be legitimately regulated for military reasons. *See id*.

## 2. Exclusion of Evidence Regarding Plaintiff's Adulterous Conduct is Impractical.

Indeed, plaintiff's suggestion that the Court simply exclude all documents and testimony regarding her adulterous conduct blinks at reality. Plaintiff's counsel claims that "the only time adultery was ever mentioned was when the appointed investigator confirmed that no one was interested in taking any disciplinary action on these grounds." *See* Pl.'s Mot. in Limine to Exclude Evidence at 3. This statement is inaccurate. For instance, the email that prompted the investigation into plaintiff's conduct was a husband's complaint of adultery by an Air Force officer. *See* Ex. A. In addition, plaintiff's squadron commander recommended plaintiff's separation in part "because" plaintiff engaged in homosexual acts with "a married woman." *See* Admin. R. at AF000678 [Docket # 119].[1] Furthermore, before the Air Force discharge board recommended plaintiff's discharge, it was presented with evidence about plaintiff's relationship with a married woman. *See, e.g.*, *id.* at AF001289-90; *id.* at AF001291-93.

To exclude such documents from evidence would distort the record of what actually happened with respect to plaintiff's discharge, which is part and parcel of the inquiry required on remand by the Ninth Circuit. The purpose of this remand is to develop the complete record of plaintiff's substantive due process claim. The Court should permit the parties to accomplish that purpose.

---

[1] That same memorandum explains why plaintiff was not court-martialed or otherwise disciplined for her adulterous conduct, by stating "I have taken no disciplinary action because this case is proceeding directly to discharge." *Id.*

(C06-5195) OPP'N TO PL.'S MOT. IN LIMINE
TO EXCLUDE EVIDENCE - 5

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 616-8482

# CONCLUSION

For the foregoing reasons the Court should deny plaintiff's motion *in limine*.

Dated: August 23, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

VINCENT M. GARVEY
Deputy Branch Director

Of Counsel:
LT. COL. TODI CARNES
1777 N. Kent Street, Suite 11400
Rosslyn, VA 22209-2133
(703) 588-8428

/s/ *Bryan R. Diederich*
PETER J. PHIPPS
BRYAN R. DIEDERICH
STEPHEN J. BUCKINGHAM
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 305-0198
Fax: (202) 616-8470
E-mail: bryan.diederich@usdoj.gov

Mailing Address:
Post Office Box 883, Ben Franklin Station
Washington, D.C.  20044

Courier Address:
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

*Attorneys for Defendants*

(C06-5195) OPP'N TO PL.'S MOT. IN LIMINE
TO EXCLUDE EVIDENCE - 6

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 616-8482

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2010, I electronically filed the foregoing Defendants' Reply Memorandum in Support of Summary Judgment, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

James E. Lobsenz, Esq.
Carney Badley Spellman, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Tel: (206) 622-8020
Fax: (206) 622-8983
E-mail: lobsenz@carneylaw.com

Sarah A. Dunne, Esq.
American Civil Liberties Union of Washington
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Tel: (206) 624-2184
E-mail: dunne@aclu-wa.org

Sher S. Kung, Esq.
American Civil Liberties Union of Washington
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Tel: (206) 624-2184
E-mail: skung@aclu-wa.org

　/s/  *Bryan R. Diederich*
BRYAN R. DIEDERICH
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-8482
Fax: (202) 616-8470
E-mail: peter.phipps@usdoj.gov
*Attorney for Defendants*