HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAJOR MARGARET WITT,

          Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE AIR FORCE; et al,

          Defendants.

Case No. C06-5195RBL

ORDER

THIS MATTER comes before the Court on defendant's challenge to the Court's jurisdiction to award monetary relief to plaintiff should the Court ultimately determine that her discharge from the Air Force under "Don't Ask, Don't Tell" (DADT) was unconstitutional. The Court has reviewed the trial memorandum submitted by each party as well as the Defendant's Notice of Supplemental Authority and attached cases. Oral argument is not necessary to resolve the issue presented by defendant's challenge to jurisdiction. For the reasons given below, the Court lacks jurisdiction to award money damages for back pay and retirement credits. That claim must be pursued before the Federal Court of Claims. The parties

acknowledge the Court's jurisdiction to determine the constitutionality of "Don't Ask, Don't Tell" as applied to the plaintiff.  Trial in the matter will commence at 9:30 a.m. on September 13, 2010.

The issue before the Court turns on the question whether back pay and retirement credits constitute <u>damages</u> for wrongful discharge, or instead some form of equitable relief, like restitution.  If equitable in nature, according to Supreme Court precedent, the waiver of sovereign immunity contained within 5 U.S.C. § 702 for "relief other than money damages" applies and the District Court has jurisdiction to grant such relief.  *Bowen v. Massachusetts*, 487 U.S. 879, 108 S.Ct. 2722 (1988).  If, however, the relief sought constitutes money damages, the District Court lacks jurisdiction to grant the relief which can only be pursued before the Court of Claims under the Tucker Act.  28 U.S.C. § 1346, 1491.

The Supreme Court has counseled that waivers of sovereign immunity are to be construed strictly. See *Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963 (1986).  No waiver may be found unless Congress' intent is "unequivocally expressed in the relevant statute."  *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351 (1980).

In *Bowen*, Justice Stevens suggested that reinstatement of an employee with back pay might be the kind of equitable (non-monetary) relief for which sovereign immunity was clearly waived under § 702:

> Our cases have long recognized the distinction between an action at law for damages - which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation - and an equitable action for specific relief - <u>which may include an order providing for the reinstatement of an employee with back pay</u>, or for the recovery of specific property or monies, ejectment from land, or injunction . . ..  (emphasis added)

*Bowen v. Massachusetts*, supra at 894.

What was dicta in *Bowen* given the facts of that case becomes the primary authority for a plaintiff who, in this case, seeks not only reinstatement but back pay and retirement credits she would have earned but for her separation from service. Case law developed before and after the *Bowen* decision, applied to facts closer to the facts of this case, convince the Court that the award of back pay and retirement credits would be beyond the authority of this Court. See *Weber v. Dept. of Veterans Affairs,* 521 F.3d 1061, 1066 (9th Cir. 2008); *Glines v. Wade*, 586 F.2d 675, 681 (9th Cir. 1978), *rev'd on other grounds sub nom., Brown v. Glines*, 444 U.S. 348, 361 (1980); *Hubbard v. Administrator, Environmental Protection Agency,* 982 F.2d 531 (D.C. Cir. 1992); *Larsen v. United States Navy*, 346 F.Supp.2d 122 (D.D.C. 2004).

Back pay has traditionally been understood at common law as "damages" not "specific relief." See *Dan B. Dobbs, Handbook on the Law of Remedies* 924-27 (1973); *Arthur G. Sedgwick*, *a Treatise on the Measure of Damages,* § 665, at 1343 (9th ed. 1920) (discussing wages lost after wrongful discharge as a type of damages). Specific relief, for which § 702 waives immunity, attempts to give the plaintiff the very thing to which she was entitled. Money damages for which the government retains immunity, refers to a sum of money used as compensatory relief. Damages are given to the plaintiff to substitute for a suffered loss. *Larsen v. U.S. Navy*, supra at 128.

Here, the thing to which plaintiff Witt may be entitled is reinstatement. Reinstatement is equitable relief for which the government has waived immunity and jurisdiction resides with this Court. The back pay and retirement credits she was prevented from earning by virtue of her discharge from the military are subject to compensation in the form of money damages as a substitute for the actual loss (the opportunity to serve and thereby earn employment benefits) she suffered.

The Court observes, without deciding, that if the plaintiff prevails in her Constitutional claim, a claim for money damages against the government, in excess of $10,000, would have to be pursued in the Court of Claims pursuant to the Tucker Act.  28 U.S.C. §§1346, 1491.  In such instance, the government could not re-litigate any issues which have been decided against it here.

**IT IS SO ORDERED**.

Dated this 7th day of September, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE