HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAJOR MARGARET WITT,

          Plaintiff,

   v.

UNITED STATES DEPARTMENT OF THE AIR FORCE, et al,

          Defendants.

Case No. C06-5195RBL

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Fed. R. Civ. P. 52(a), following trial without a jury, these findings of facts and conclusions of law are entered in conjunction with the Memorandum Opinion contemporaneously filed by the Court.

## **FINDINGS OF FACT**

1. Plaintiff actively participated as an Air Force Reserve flight nurse in the 446th Aeromedical Evacuation Squadron (AES) at McChord Air Force Base from December 1995 to November 2004.

2. The 446th AES has a reputation for excellence in flight nursing performance.

3. While in the 446th AES, plaintiff was subject to worldwide deployment.

4.  Those deployments could be with service members in and outside of her specific squadron - or even outside of the Air Force.

5.  The living and working conditions on deployment could involve limited privacy; nonetheless, members of 446th AES volunteer for deployment assignments.

6.  Starting in October 2003, plaintiff engaged in a sexual relationship with Laurie McChesney.

7.  At the time that plaintiff began her relationship with Laurie McChesney, Laurie McChesney was married to Pat McChesney; the McChesneyes later divorced.

8.  In June 2004, Pat McChesney sent an email to the Air Force Chief of Staff stating that plaintiff had engaged in a romantic relationship with his then-wife and that he had subsequently filed for divorce.

9.  The Air Force began an investigation of plaintiff, which determined that plaintiff had been involved in a prior six-year relationship with another woman, Tiffany Jensen.

10. Also, in the course of her Air Force career, plaintiff had at different times engaged in sexual relationships with two female Air Force officers.

11. Plaintiff was suspended from earning pay or retirement points in the Air Force Reserve in November 2004, and the discharge process began.

12. Plaintiff requested and received a full discharge board hearing in which she was represented by both civilian and military counsel.

13. The hearing was held before an administrative discharge board of three officers in September of 2006. At the hearing, which was conducted on September 28 and 29, 2006, plaintiff was given the opportunity to make a sworn statement subject to cross-examination or an unsworn statement

without the possibility for cross-examination, and she made an unsworn statement; she also submitted documents and statements from others on her behalf.

14. After evidence of plaintiff's statements and acts was before the discharge board, on September 29, 2006, the board recommended that plaintiff be discharged under the Air Force's Don't Ask, Don't Tell (DADT) policy, which is codified in statute, *see* 10 U.S.C. § 654, and implemented in the Air Force Reserve through Air Force Instruction 36-3209.

15. On July 6, 2007, the Air Force Personnel Board recommended that plaintiff be discharged under the Air Force's DADT policy.

16. On July 12, 2007, the Secretary of the Air Force's designee directed that plaintiff be discharged with an Honorable Discharge.

17. Ultimately, plaintiff received an Honorable Discharge, effective October 1, 2007.

18. Plaintiff's discharge certificate contained no stigmatizing language or coding.

19. No credible evidence was presented to this Court which indicated that Major Witt's sexual orientation ever had a negative effect on the unit morale, order, discipline, or cohesion of the 446th AES.

20. No credible evidence was presented to this Court which indicated that reinstatement of Major Witt to the Air Force Reserve would have any negative effect on the unit morale, order, discipline, or cohesion of the 446th AES.

21. No credible evidence was presented to this Court to indicate that reinstatement of Major Witt to the Air Force Reserve would have any negative effect on the unit cohesion, morale, order, or discipline of any unit of the Air Force.

22. This Court finds that Major Witt's reinstatement to the Air Force would not have any negative impact on unit morale, order, discipline, or cohesion of the 446th AES or of any other unit of the Air Force.

## **CONCLUSIONS OF LAW**

1. Because it was not necessary to discharge Major Margaret Witt in order to prevent a negative impact on unit cohesion, morale, order or discipline, her discharge violated her substantive due process rights.

2. Because it is not necessary to deny her reinstatement to the Air Force Reserve in order to prevent a negative impact on unit morale, order, discipline, or cohesion, she is constitutionally entitled to reinstatement.

3. Plaintiff has no actionable procedural due process claim.

   a. Plaintiff has not been deprived of a constitutionally protected life, liberty, or property interest.

   b. Even if plaintiff were deprived of a constitutionally protected life, liberty, or property interest, she has received the full process to which she is due by virtue of having a full discharge board hearing.

Dated this 24th day of September, 2010.

                                                                        /s/ Ronald B. Leighton
                                                                        RONALD B. LEIGHTON
                                                                        UNITED STATES DISTRICT JUDGE