Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN WASHINGTON
AT TACOMA DIVISION

| | |
|---|---|
| MAJOR MARGARET WITT,<br>Plaintiff,<br>v.<br>UNITED STATES DEPARTMENT OF THE AIR FORCE; ET AL.,<br>Defendants. | No. C06-5195 RBL<br><br>PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR REASONABLE FEES UNDER EQUAL ACCESS TO JUSTICE ACT<br><br>NOTE ON MOTION CALENDAR: FEBRUARY 10, 2012 |



**ACLU OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
(206) 624-2184

## INTRODUCTION

Plaintiff's petition should be granted because Defendants' position was not substantially justified, the petition was timely and the amount requested was reasonable.

**A. Unconstitutional Conduct By the Government is Not Substantially Justified.**

To avoid EAJA fees, Defendants must prove that their position had a reasonable basis in both fact and law. *Mendenhall v. Nat'l Trans. Safety Bd.*, 92 F.3d 871, 874 (9th Cir. 1996) (citing *Pierce v. Underwood*, 487 U.S. 552 (1988)). In evaluating this, the court must consider both the underlying government conduct and their litigation positions. *Meinhold v. U.S. Dept. of Defense*, 123 F.3d 1275, 1278 (9th Cir. 1997) (awarding EAJA fees to officer who challenged his discharge from Navy based on sexual orientation). Well-settled Ninth Circuit law holds that a district court abuses its discretion if it finds government conduct based on constitutional violations to be substantially justified. 92 F.3d at 874*; U.S. v. Marolf*, 277 F.3d 1156, 1162, 1164 (9th Cir. 2002) (awarding EAJA fees and holding that due process violation precludes a finding that gov't position was substantially justified); *Yang v. Shalala*, 22 F.3d 213, 217-18 (9th Cir. 1994) (same); *U.S. v. $12,248 U.S. Currency*, 957 F.2d 1513, 1517 & n.5 (9th Cir. 1992) (same; noting that if "a *due process* violation is not enough to trigger a finding that the government was not 'substantially justified' under the EAJA, the EAJA would amount to nothing but a hollow statutory shell offering little of substance to prevailing parties").[1]

Here, the underlying conduct is the Air Force discharging Major Witt based on her sexual orientation despite the lack of evidence that her sexual orientation negatively affected unit readiness. In their Response, Defendants do not address or defend the underlying government conduct. Moreover, Defendants do not dispute that they had ready access throughout the entire litigation to documents and witnesses relating to Major Witt and her performance. They also do not refute that, over the last decade, the U.S. Military was the *only* federal agency that

---

[1] Defendants mistakenly cite the legal standard for determining EAJA fees when a party makes a facial challenge to a federal statute. Dkt 204 at 2 & n.1. Plaintiff did not challenge the constitutionality of Don't Ask Don't Tell (DADT) on its face, but made an as-applied challenge. Dkt 1 at 15-16. She sought to stop her discharge and once discharged, sought reinstatement. *Id.* Put simply, she challenged whether the government's conduct comported with due process. The cases cited by Defendants are inapplicable because they involved facial challenges to the constitutionality of statutes. *League of Women Voters v. FCC*, 798 F.2d 1255 (9th Cir. 1986) (Public Broadcasting Act); *Gonzales v. Free Speech Coalition*, 408 F.3d 613 (9th Cir. 2005) (Child Pornography Prevention Act). Unlike the plaintiffs in *LWV* and *Free Speech Coalition* that sought to strike down statutes, Plaintiff did not seek such relief.



**ACLU OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, WA 98164/(206) 624-2184

maintained a discriminatory policy, excluding openly gay and lesbian employees. Indeed, in reaching its verdict, this Court determined that Defendants had presented "no credible evidence." Dkt 164 at 3. Because the Air Force's conduct violated the Constitution, this Court should award EAJA fees following the reasoning in *$12,248 U.S. Currency* and its progeny.

Defendants' Response focuses on the litigation positions taken by the government. Defendants cite to numerous cases involving DADT, decided before the Supreme Court's ruling in *Lawrence v. Texas*, as support for the reasonableness of their litigation positions. Dkt 204 at 3. Plaintiff does not dispute that, in light of *Lawrence v. Texas*, the Ninth Circuit had to address an issue on which it had not yet ruled in *Witt v. Air Force*, 527 F.3d 806 (9th Cir. 2008), and that one other circuit later ruled differently in 2008. *See Cook v. Gates*, 528 F.3d 42 (1st Cir. 2008). But the fact that this case involved an issue of first impression does not automatically shield Defendants from a fee award. *Marolf*, 277 F.3d at 1163 n.2 ("whether an issue is one of first impression is but one factor to be considered" and "is not dispositive"). Defendants also argue that it was a "reasonable" litigation position for them to "complete the record on remand." This makes little sense factually because Defendants knew as early as November 2004 that there was no evidence to support the conclusion that the discharge of Major Witt improved unit cohesion. Stated differently, Defendants knew what the evidence would show since it was their documents and their witnesses which Plaintiff used to prove her case. Even if the Court were to find Defendants' litigation positions reasonable, the Ninth Circuit has held that "[a] reasonable litigation position does not establish substantial justification in the face of a clearly unjustified underlying action." *Marolf*, 277 F.3d at 1163-64 & n.5 (awarding EAJA fees despite reasonable litigation position because of due process violation). Because Defendants engaged in unconstitutional conduct that was not substantially justified, EAJA fees should be awarded.

**B. Plaintiff's Fee Motion is Timely**

In the Ninth Circuit, the applicable post-judgment appeal period, ninety days, applies to EAJA fee petitions "even if entry of the judgment was made pursuant to the government's request." *Li v. Keisler*, 505 F.3d 913, 917 (9th Cir. 2007). Although Defendants wish to circumvent this plain language, the Court expressly declined to adopt a case-specific approach and avoided uncertainty by adopting a bright-line rule for timeliness of EAJA fee petitions



ACLU OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, WA 98164/(206) 624-2184

involving consent judgments. *Van v. Barnhart* , 483 F.3d 600, 610 (9th Cir. 2007). In so holding, the Court reasoned that a claimant cannot be certain whether the government would try to invoke one of the existing exceptions to the general rule that consent judgments cannot be appealed, "or ask the court to create a new one." *Id.* at 609. Put simply, a judgment is final and non-appealable only when there is "no longer any possibility that the district court's judgment is open to attack." *Al-Harbi v. INS*, 284 F.3d 1080, 1084 (9th Cir. 2002).

This case illustrates the wisdom of such a bright-line rule. Defendants' argument rests on the premise that each party "moved for the amended judgment without reservation." Dkt 204 at 5. Yet, the terms of Paragraph 5 of the Settlement Agreement (Dkt 198 at 61) are inconsistent with the joint motion (Dkt 194) drafted by Defendants and filed by the parties. Defendants wanted both the original Judgment (Dkt 166) *and* the Opinion (Dkt 163) amended to strike language reinstating Plaintiff to a particular unit within the Air Force, but the joint motion drafted by Defendants only amends the Judgment (Dkt 166). Plaintiff waited to see if Defendants would move to correct this error during the ninety-day period and seek to preserve their appellate rights until the Opinion was amended. Thus, Defendants are incorrect when they assert that "no party retained the ability to appeal the amended judgment" (Dkt 204 at 5); nothing in the Settlement precluded Defendants from preserving their appellate rights until the Opinion was amended. In short, there was a "possibility" that Defendants might "attack" the Amended Judgment (Dkt 196) because they had reason to take such action. Because Plaintiff filed her motion within the applicable post-judgment appeal period, her fee petition is timely.

**C. Lobsenz and Dunne Meet the Test for an Award of Enhanced Fees**

Without any citations, Defendants assert enhanced rates are "reserved for exceptional circumstances" (Dkt 204 at 7), implying constitutional and military litigation cannot constitute a practice specialty or special factor. But the Ninth Circuit has noted the Supreme Court "has not precisely enumerated what may constitute a practice specialty or special factor," and has recognized practice specialties other than patent law and foreign law may qualify for enhanced fees. *Nat'l Res. Def. Coun. v. Winter*, 543 F.3d 1152, 1159 (9th Cir. 2008). Moreover, Defendants' fail to address Plaintiff's citation to *Martin v. Sec. of Army*, 463 F. Supp.2d 287, 293 (N.D.N.Y 2006), in which a court awarded enhanced rates for specialization in military matters.



ACLU OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, WA 98164/(206) 624-2184

Despite Defendants' claim (Dkt 204 at 8), *Winter* provides support for enhanced rates. There, the Ninth Circuit upheld enhanced rates for a senior law firm partner who did not specialize in environmental law, but had prior experience from an earlier case that presented similar legal and factual issues to the current case. His prior work was found to be sufficient "specialized experience" to constitute a special factor warranting enhanced rates. 543 F.3d at 1160-61. Akin to the senior partner in *Winter*, both Lobsenz and Dunne have previously litigated seminal cases involving the integration of military institutions, the *Perry Watkins* and *Virginia Military Institute* cases respectfully, which were integral to their ability to litigate this matter and meet the test for an enhanced rate as set forth in *Winter*. Dkt 199 at 3-4,¶ 8,14; Dkt 198 at 4 ¶ 8.

Defendants make the conclusory statement that no special expertise was needed to litigate this case. Dkt 204 at 9. This assertion is belied by the record. As Defendants are quick to point out this was the only case to hold DADT unconstitutional as-applied. *Id.* at 3. Lobsenz and Dunne relied on prior constitutional and military litigation to formulate case strategy and decide which evidence to compile in the face of concerted government opposition. If this case involved a straightforward application of the law and no factual complexities, the Solicitor General would not have involved herself in the case. Dkt 198 at 16-17.

Defendants finally contend, without citation, that the Declarations of Mungia and Brenneke "prove nothing" and do not establish unavailablity at the statutory rate. Dkt 204 at 9. But in fact attorney declarations by other practioners is sufficient to prove unavailability and plaintiffs do not need to conduct statistical surveys of all attorneys. *Nadarajah v. Holder*, 569 F.3d 906, 915 (9th Cir. 2009) (accepting a single declaration by outside attorney to establish unavailability of qualified counsel at the statutory rate). Defendants imply that because the ACLU represented Major Witt when no private firm would, the ACLU does not deserve fees.[2] The Ninth Circuit has held that ACLU representation at no charge "does not preclude awarding reasonable attorney fees under EAJA, including the requested prevailing market rates." *Id.* at 916; *$12,248 U.S. Currency*, 957 F.2d at 1521 (when only pro bono counsel will represent plaintiff, a fee award "truly serves the public policy rationale of the EAJA").

[2] When a private attorney volunteers to serve as a cooperating attorney for the ACLU such as Lobsenz, they do so pro bono and are essentially an extension of the ACLU staff. Dkt 199 at 4 (¶15).



**ACLU OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, WA 98164/(206) 624-2184

**D. Plaintiff Efficiently and Leanly Staffed This Litigation**

Defendants' claim that Plaintiff's fee calculation should be reduced because she allegedly overstaffed the case should be rejected for several reasons. First, Defendants erroneously identified some of the time entries as "duplicative." Defendants claim that Ms. Kung's time entries for the first two days of trial are examples of "overstaffing," (Dkt 204-2 at 71 (Entries 544 & 547)), yet Kung was in court examining witnesses on both of these trial days. Another entry of Kung's is marked as "overstaffing" when no other attorney worked on that particular discovery issue. Dkt 204-2 at 25 (Entry 210). Second, the remaining 16 entries marked as "overstaffing" are attendance at court hearings, depositions (two plaintiff's attorneys at depositions), witness interviews, or strategy sessions. Each of these instances were important events in the overall litigation, requiring more than one attorney. *See Nadarajah*, 569 F.3d at 922 (finding hours conferencing with two other attorneys reasonable); *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286-87 (participation at a hearing or deposition by more than one attorney does not necessarily constitute duplication). Noticeably Defendants have not proffered the hours they expended as a comparison to the time spent by Plaintiff and are silent about the fact that they had two attorneys at every deposition. 388 F.3d at 1287 (noting that a comparison of the time spent by defendant and plaintiff "is a useful guide in evaluating the appropriateness of time claimed"). Defendants' contention that Plaintiff overstaffed this litigation is meritless. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (noting that it would be the "atypical" civil rights case where a lawyer engages in churning).

**E. Plaintiff's Time Entries Provide Sufficient Detail.**

Defendants seek a reduction for vague entries and the use of block-billing. Several of the entries identified as "vague" are in fact not at all. Defendants identify Entry 112 as "vague" yet it is identical except for one word to Entry 113; the entries detail Lobsenz and Dunne spending 8 hours on Easter traveling to Washington, D.C., because Solicitor General Kagan had to meet the next day. Dkt 204-2 at 13. Entry 114 is supposedly vague yet it discusses the same meetings with the Solicitor General, national ACLU staff attorneys, and Plaintiff in the same manner as Entry 115, which Defendants deem sufficiently detailed. *Id.* at 13-14. The Ninth Circuit has noted counsel does not have to detail conversations between client and counsel and among counsel in



ACLU OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, WA 98164/(206) 624-2184

time entries; lack of detail does not impair the ability of a court to judge the reasonableness of fees. *Reed*, 388 F.3d at 1286.

The use of block-billing does not on its own justify reducing fees so long as sufficient detail is present to allow the court to identify the tasks and evaluate the reasonableness of the hours spent on those tasks. *Sunstone Behavioral Health, Inc. v. Alameda Cty. Medical Center*, 646 F. Supp.2d 1206, 1217 (E.D. Cal. 2009) (declining to reduce hours based on block-billing objection). Here, each timekeeper contemporaneously logged hours separately, to the tenth of the hour, and provided extremely detailed descriptions of the nature of activities to support the hours worked. Dkt 198 at 9-56. The level of detail provided is sufficient for the Court to determine reasonableness and does not warrant the thirty-percent requested by Defendants. *See Oberfelder v. City of Petaluma*, 2002 WL 472308, at *3 (N.D. Cal. 2002) (refusing to reduce fee award based on block-billing because time sheets were sufficiently detailed).

**F. Plaintiff Obtained Complete Relief or Excellent Results**

Defendants apply the wrong legal standard in determining the reasonableness of fees. While fees for unsuccessful, unrelated claims may not be compensable, this case "involved a common core of facts" and was "based on related legal theories." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1982). All of Plaintiff's claims arose out of and sought relief for her discriminatory discharge from the Air Force. In such cases, it is not the proportion of claims prevailed upon which guides the court's determination, but rather "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*. Here, Plaintiff "obtained excellent results" and was granted the complete relief she sought. Dkt 196. Although Plaintiff raised alternative legal theories, it was the substantive due process claim that was at the heart of Plaintiff's litigation strategy throughout the entire case. Before the Ninth Circuit appeal, the importance of the claim is evidenced by the fact that in her Opposition to Defendants' Motion to Dismiss (Dkt 28), Plaintiff devoted eighteen pages to her substantive due process claim and only four pages to the remaining claims. With the exception of Plaintiff obtaining her discharge certificate in June 2010 for her procedural due process claim, the rest of the 2009-2010 discovery period was devoted to gathering evidence to support her substantive due process claim. In short, Defendants' request to have Plaintiff's fee award reduced by fifty percent is meritless.



ACLU OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, WA 98164/(206) 624-2184

**CONCLUSION**

Based on the foregoing reasons, including the arguments and evidence presented in the moving papers, Plaintiff respectfully asks this Court to grant her motion and award reasonable attorney fees in the amount of $610,211.

DATED this 10th day of February, 2012.

Respectfully submitted,

ACLU OF WASHINGTON FOUNDATION

By: /s/ Sarah A. Dunne
Sarah A. Dunne, WSBA #34869
901 Fifth Ave., Suite 630
Seattle, WA 98164
dunne@aclu-wa.org
(206) 624-2184

James Lobsenz, WSBA #8787
CARNEY BADLEY SPELLMAN
700 Fifth Avenue, Suite 5800
Seattle, WA 98104
(206) 622-8020
lobsenz@carneylaw.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on Februrary 10, 2012, I electronically filed *Plaintiff's Reply Memorandum In Support of Plaintiff's Motion for Reasonable Fees Under Equal Access to Justice Act* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Peter Phipps
peter.phipps@usdoj.gov

Marion J. Mittet
Jamie.Mittet@usdoj.gov

Stephen J. Buckingham
Stephen.Buckingham@usdoj.gov

Bryan R. Diederich
bryan.diederich@usdoj.gov

Attorneys for Defendants

DATED this 10th day of February, 2012.

AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION

By: /s/ Sarah A. Dunne
Sarah A. Dunne, WSBA #34869



**ACLU OF WASHINGTON FOUNDATION**
901 Fifth Avenue, Suite 630
Seattle, WA 98164/(206) 624-2184